```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| | | |
|---|---|---|
| STEVE GAY, | : | NO. 1:07-CV-00859 |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 15), to which no objections were filed. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and REMANDS this matter for an award of disability benefits.

**I. Background**

On September 10, 2003, Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging a disability onset date of December 13, 2002, due to severe and uncontrolled diabetes mellitus, fatigue, and severe leg pain (doc. 15). Defendant, Commissioner of Social Security, denied Plaintiff's claims both initially and on reconsideration (Id.). In a Reconsideration Disability Report, Plaintiff was described as "having no energy at all" and "being so tired that he sleeps most of the day" (Id.).

1

On July 16, 2004, Plaintiff requested a hearing de novo before an Administrative Law Judge ("ALJ") (Id.). A hearing was held on October 24, 2005 at which Plaintiff appeared with counsel and testified (Id.). The ALJ concluded that despite Plaintiff's medical problems, Plaintiff was capable of sedentary work and was therefore not disabled (Id.). Accordingly, the ALJ determined that Plaintiff was not entitled to SSI or DIB (Id.).

On October 25th, 2007, Plaintiff filed suit in this Court seeking judicial review of the ALJ determination (doc. 4). On appeal, Plaintiff argues that: (1) the ALJ erred when she failed to give proper deference or weight to the opinions of Plaintiff's attending physicians; (2) the ALJ erred when she disregarded or ignored the provisions of Social Security Ruling 02-01p; and (3) the ALJ erred when she substituted her opinion for the Plaintiff's treating physicians (doc. 15).

**II. The Magistrate Judge's Report and Recommendation (doc. 15)**

The Magistrate Judge, after acknowledging the "substantial evidence" standard, thoroughly reviewed the record and relevant case law (doc. 15). The Magistrate Judge first concluded that the ALJ erred when she failed to give proper deference to Plaintiff's treating physicians (Id.). The Magistrate Judge found that Plaintiff had three treating physicians: one primary care physician, who had treated Plaintiff since June, 2002; and two endocrinologists, one of whom treated the Plaintiff in May, 2004,

2

and the other of whom began treating Plaintiff in March, 2005 (Id.). The Magistrate Judge found that all three treating physicians diagnosed Plaintiff with poorly controlled diabetes and that two of the three treating physicians believed Plaintiff was unable to perform any sustained competitive work activity (Id.). The Magistrate Judge emphasized that the only contrary medical opinion resulted from a consultative review by a pediatrician (Id.).

The Magistrate Judge then reviewed case law describing the substantial deference afforded treating physicians' medical opinions over the opinions of physicians who examine a claimant only once (doc. 15, citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 530-31 (6th Cir. 1997); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984); Lashey v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1054 (6th Cir. 1983)). The Magistrate Judge looked to the Social Security regulations, which provide that treating physicians "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from the reports of individual examinations, such as consultative examinations or brief hospitalizations" (doc. 15, citing 20 C.F.R. § 404.1527(d)(2)). The Magistrate Judge concluded that the ALJ erred in relying on the opinion of a one-time consultative pediatrician rather than according significant weight to the opinion of Plaintiff's treating physicians (doc. 15).

3

The Magistrate Judge next turned to Plaintiff's second assignment of error, that the ALJ improperly disregarded Social Security Ruling 02-01p, which directs the ALJ to consider the combined effects of obesity when assessing residual functional capacity (Id.). The Magistrate Judge found the ALJ failed to perform the required individualized assessment of the impact of Plaintiff's obesity on his functioning (doc. 15). Instead, the Magistrate Judge noted, the ALJ made the conclusory statement that an obese individual's symptoms would improve if he lost weight (Id.). The Magistrate Judge also found the ALJ improperly based her non-disability finding on Plaintiff's failure to comply with diet and exercise orders (Id.). The Magistrate Judge noted that Plaintiff's treating physician expressly stated that Plaintiff's limitations were not the result of failure to follow treatment (Id.). The Magistrate Judge concluded that the ALJ's failure to properly consider Plaintiff's obesity rendered her decision unsupported by substantial evidence (Id.).

The Magistrate Judge also agreed with Plaintiff's assertion that the ALJ substituted her own opinion for that of Plaintiff's treating physicians (Id.). The Magistrate Judge cited numerous cases for the proposition that ALJ must not substitute her "medical" opinion for that of a treating physician (Id., citing Meece v. Comm'r, 192 Fed. App'x. 456, 465 (6th Cir. 2006); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000); Rohan v. Chater, 98

4

F.3d 966, 968 (7 th Cir. 1996); Hall v. Celebreeze, 314 F.2d 686, 690 (6th Cir. 1963)). The Magistrate Judge also noted there was nothing in the record to support the ALJ's finding that Plaintiff could perform sedentary work, a finding contrary to that of the treating physicians. The Magistrate Judge concluded that the ALJ's selective consideration of evidence against the opinions of Plaintiff's treating physicians rendered her decision unsupported by substantial medical evidence (Id.).

The Magistrate Judge recommended that the Court reverse the ALJ's non-disability determination and order benefits granted (Id.). The Magistrate Judge acknowledged the Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, such that proof of disability is overwhelming (Id. citing Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994). The Magistrate concluded that the overwhelming weight of the treating physicians' opinions, which are controlling in this case, support a disability finding (doc. 15). Accordingly, the Magistrate Judge reasoned, remand would only serve to delay Plaintiff's benefits (Id.).

**III. Discussion**

Judicial review of the Commissioner's decision, as reflected in the ALJ's decision, is limited to whether the ALJ applied the correct legal standards in reaching her determination and whether there is substantial evidence in the record to support

5

the Commissioner's factual findings. See 42 U.S.C. § 405(g); Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108 (6th Cir. 1989). In this case, the Magistrate Judge correctly concluded the ALJ improperly weighed the medical opinions of the treating physicians, in contravention of well-established legal standards. Walters, 127 F.3d 525, 530-31. The Court further finds well-taken the Magistrate Judge's well-reasoned conclusions that 1) the ALJ improperly substituted her own judgment for that of the treating physicians in finding that Plaintiff could perform sedentary work, and 2) the ALJ improperly failed to perform the required individualized assessment of the impact of Plaintiff's obesity on his functioning, in accordance with Social Security Ruling 02-01p. For all of these reasons, the Court finds the ALJ's non-disability finding unsupported by substantial evidence.

The Court further concludes that the proof of disability is overwhelming such that remand of this matter for a rehearing would serve no other purpose than delay. The Magistrate Judge's recommendation, therefore, that an award of benefits be granted immediately, is appropriate and correct.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in waiver of further

appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

**IV. Conclusion**

The Court has reviewed this matter de novo pursuant to 28 U.S.C. §636(b), and finds the Magistrate Judge's Report and Recommendation (doc. 15) thorough, well-reasoned, and correct. Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Id.), REVERSES the ALJ's non-disability finding, REMANDS this matter to Defendant Commissioner for an immediate award of disability insurance benefits, and CLOSES this case.

SO ORDERED.

Dated:   February 4, 2009    /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge